IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAWRENCE NORTHERN,

              Plaintiff,

v.

LYNN DOBBERT, TONI JOHNSON,
KOREEN FRISK, and ANGELA STETTER,

              Defendants.

OPINION & ORDER

16-cv-277-jdp

Plaintiff Lawrence Northern injured his Achilles tendon playing basketball at the New Lisbon Correctional Institution (NLCI). Northern brought two cases about his treatment both before and after he received surgery: No. 13-cv-367-jdp and this case. While the 2013 case was still pending, defendants filed a motion to consolidate the two cases. Northern opposed that motion but also filed a motion to amend his complaint in this case to include claims about events that occurred both before and after his surgery.

I stated that I was inclined to deny the motion to consolidate because the 2013 case was ready to be resolved, and the claims in the present case mostly had to do with later, post-surgical treatment decisions. Dkt. 46, at 2.[1] But because Northern sought to amend his complaint in this case with some pre-surgery claims that appeared to occur at roughly the same time as his original claims in the 2013 case, I gave him a choice: continue to include his new pre-surgical claims in the 2016 case, in which case I would indeed consolidate the two cases, or withdraw the pre-surgical claims from the 2016 case, and litigate the two cases separately.

---

[1] All docket citations are to the docket in case no. 16-cv-277-jdp.

*Id.* at 3–4. Northern chose to withdraw the pre-surgical claims, and the 2013 case proceeded to trial.

I stated that I would issue a formal order on Northern's motion to amend his 2016 complaint after he made his choice, *Id.* at 4, so this order is meant to clarify the scope of the lawsuit moving forward. In my order screening Northern's original complaint, I allowed him to proceed on the following claims:

- Eighth Amendment, state-law medical malpractice, and First Amendment retaliation claims against defendants Lynn Dobbert, Toni Johnson, Koreen Frisk, and Angela Stetter for inadequate wound care.

- Eighth Amendment and medical malpractice claims against defendant Dobbert for failing to arrange for a lower tier, bottom bunk placement for him.

*See* Dkt. 4.

I previously granted defendants' motion to dismiss Northern's medical malpractice claims against Dobbert, Johnson, Frisk, and Stetter for the same rationale I used to dismiss medical malpractice claims against Frisk in the 2013 case: Wisconsin Statutes Chapter 655 does not allow claims against nurses. *See* Dkt. 46, at 3. But I reconsidered that rationale in a more recent case. *See Smith v. Hentz*, No. 15-CV-633-JDP, 2018 WL 1400954, at *3 (W.D. Wis. Mar. 19, 2018) ("In short, although defendants Stetter and Hentz are not subject to the requirements of Chapter 655, Smith may still bring a medical malpractice claim based on common law negligence. To conclude otherwise would be to leave patients injured by the negligent actions of state-employed nurses without any remedy at all, a conclusion this court will not reach without clear guidance from the Wisconsin legislature or Wisconsin state courts."). So I will vacate the portion of my previous order that dismissed the medical malpractice claims, and Northern may proceed on medical malpractice claims against Dobbert, Johnson, Frisk, and Stetter based on common law negligence.

2

As for the claims Northern seeks to add in his amended complaint, Dkt. 19, Northern alleges that defendant Carroll Walters forced him to sign a form refusing further medical treatment by threatening him with discipline, in retaliation for his previous grievances. I will allow him to proceed on this claim.

He also seeks to bring Eighth Amendment and equal protection claims against defendants Lieutenant Martinson, Lynn Washetas, and Candace Warner, who comprised the Special Needs Committee that rejected his requests for high-top boots to accommodate his recovery, even though other inmates with less serious problems were allowed to have them. I will allow him to proceed on both types of claims, although the equal protection claim needs further discussion.

The theory underlying an ordinary equal protection claim is that the plaintiff was denied equal treatment because of his membership in an "identifiable group." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). Northern does not suggest that the Special Needs Committee defendants denied him boots for that reason. Instead, he says that he was singled out for worse treatment, which is a "class-of-one" equal protection claim. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The required elements of class-of-one claims are not entirely clear, as explained in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012) (affirming dismissal of a class-of-one claim by an evenly divided court). To prevail on his class-of-one claim, Northern must show, at a minimum, that (1) defendants intentionally treated him differently from others similarly situated; and (2) that there was no rational basis for the difference in treatment. It is an open question whether Northern must also allege that the differential treatment was not merely arbitrary, but motivated by an improper purpose or

3

"reasons of a personal character." *Id.* at 893, 899 (Posner, J., plurality opinion); *see id.* at 917 (Wood, J., dissenting).

The United States Supreme Court has explained that some discretionary decisions are not susceptible to class-of-one claims "because treating like individuals differently is an accepted consequence of the discretion granted." *Engquist*, 553 U.S. at 603. So it is an open question whether Northern can prevail on this type of claim. But for now I will allow him to proceed on the class-of-one claim.

Defendants filed a motion for summary judgment based on Northern's alleged failure to exhaust his administrative remedies. Defendants may have until September 24, 2018, to supplement the motion to include the new claims. Northern may have until October 15, 2018, to file a response. Defendants may have until October 22, 2018, to file a reply.

The rest of the schedule is reset as follows:

- Disclosure of Expert Witnesses: Plaintiff: December 3, 2018; Defendants: January 2, 2019

- Deadline for Filing Dispositive Motions: January 11, 2019

- Discovery Cutoff: April 18, 2019

- Rule 26(a)(3) Disclosures and motions in limine: May 2, 2019; Objections: May 16, 2019

- Final Pretrial Conference: May 30, 2019 at 4:00 p.m.

- Trial: June 3, 2019 at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Northern is GRANTED leave to proceed on the following claims:

   - Eighth Amendment, state-law medical malpractice, and First Amendment retaliation claims against defendants Lynn Dobbert, Toni Johnson, Koreen Frisk, and Angela Stetter for inadequate wound care.

   - Eighth Amendment and medical malpractice claims against defendant Dobbert for failing to arrange for a lower tier, bottom bunk placement for him.

   - A retaliation claim against defendant Carroll Walters for forcing him to sign a form refusing further medical treatment.

   - Eighth Amendment and equal protection claims against defendants Lieutenant Martinson, Lynn Washetas, and Candace Warner, for rejecting his requests for high-top boots.

2. The attorney general's office may have until September 4, 2018, to explain whether it accepts service on behalf of the newly added defendants and to file an amended answer.

3. The schedule is amended as stated above.

Entered August 14, 2018.

                                        BY THE COURT:

                                        /s/
                                        _____
                                        JAMES D. PETERSON
                                        District Judge